IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AYAN ALI ) <br> ) <br> *Plaintiff*, ) <br> v. ) <br> ) <br> AMERICAN AIRLINES, INC. ) <br> ) <br> and ) <br> ) <br> ADRIENNE JOSEPH-HAWKINS ) <br> ) <br> *Defendants*. ) <br> ) | Civil Action No.: 1:21-cv-00007 |

## AMENDED COMPLAINT

Plaintiff Ayan Ali, by and through undersigned counsel, hereby submits this Amended Complaint against the named Defendant for the causes of action stated as follows:

### INTRODUCTION

1. Plaintiff Ayan Ali ("Ms. Ali") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S. § 2000e, *et seq*.; and Title VII § 704(a), 42 U.S.C. § 12203; for relief from discrimination on the bases of Religion (Islam) and retaliation for engaging in a protected activity (prior EEO activity).

2. Defendants American Airlines, Incorporated ("American") and Adrienne Joseph-Hawkins ("Ms. Joseph-Hawkins") (collectively, "the Defendants"), discriminated against Plaintiff on the basis of her Religion (Islam), and retaliated against her because of her prior EEO activity during the course of her employment with American.

### JURISDICTION AND VENUE

1

3. This Court has jurisdiction pursuant to Title VII, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-5(f)(1) and (3). Further, this Court has jurisdiction over this Complaint because there is diversity of the parties and a question of federal law is presented. 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

4. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3). All of the events giving rise to Plaintiff's claims occurred at American's hub at Ronald Reagan Washington National Airport (DCA) in Arlington County, Virginia.

**PARTIES**

5. Plaintiff is currently domiciled at 4255 Amon Carter Blvd., Lorton VA 22079. At all relevant times, Plaintiff was an employee of American in Arlington, Virginia. Plaintiff is a resident of Fairfax County, Virginia and a United States citizen.

6. American is an operating subsidiary of the American Airlines Group Inc., a publicly traded airline holding company which operates an extensive international and domestic network in more than 50 countries. American's corporate headquarters is located at 4255 Amon Carter Blvd., Fort Worth, TX 76155. Plaintiff was employed at the Ronald Reagan Washington National Airport hub located at 2401 Smith Blvd, Arlington, VA 22202.

7. Ms. Joseph-Hawkins is the Customer Service Manager for American's DCA hub and manages all the Customer Service Agents and Supervisors.

8. Defendants are subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendants; in addition, Defendants are the employer of persons who have committed negligent, discriminatory acts and/or omission against Plaintiff within the course and scope of her employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

## EXHAUSTION OF REMEDIES

9. Plaintiff has exhausted all of her administrative remedies.

10. On May 18, 2019 Plaintiff filed a complaint with Rodney Robertson, her General Manager because Ms. Joseph-Hawkins continuously denied Plaintiff any accommodation for her religious obligations.

11. On or around June 20, 2019, Plaintiff reported her concerns of retaliation to another Manager, Marvin Turpin, Customer Service Manager, her Union President, Sydney Thayer.

12. On June 20, 2019, Plaintiff filed a complaint with American's Ethics Hotline.

13. On July 3, 2019, American completed its investigation and informed Plaintiff that they had found no evidence to corroborate her claim.

14. On August 1, 2020, Plaintiff filed a charge of discrimination with the EEOC.

15. On August 10, 2020, the EEOC issued Plaintiff a Notice of Right to Sue, which provided Plaintiff with ninety (90) days from receipt of that Notice to file a complaint in the United States District Court.

16. Pursuant to that Notice, Plaintiff now timely files this action.[1]

---

[1] On November 10, 2020, while proceeding *pro se,* Plaintiff timely filed her civil Complaint in the Superior Court for the District of Columbia instead of the U.S. District Court for the District of Columbia. See Ex. 1 (*Ali v. American Airlines*, No. 570-2019-03200, (D.C. Super. Ct. August 10, 2020). On November 11, 2020, Plaintiff learned that she'd filed her complaint in the wrong court, and on November 12, 2020, Plaintiff retained the assistance of undersigned counsel in order to correct the defective filing of her Complaint. As such, we would respectfully ask the Court to apply the principles of equitable tolling as Plaintiff actively pursued her judicial remedies by timely filing her Complaint, although in the wrong court, however, that error was diligently addressed, and there was no resulting prejudice to the Defendant.  *See, e.g., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (allowing equitable tolling in situations where the [Plaintiff] has actively pursued judicial remedies by filing a defective pleading during the statutory period, including where the plaintiff timely filed his complaint in the wrong court); *Burnett* v. *New York Central R. Co.,* 380 U. S. 424, 429-430 (1965) (equitable tolling was justified because the defendant received timely

**FACTS**

17. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

18. On August 1, 2016, Plaintiff was employed by American as a Customer Service Assistant at their DCA hub. Plaintiff's duties included assisting customers, issuing tickets and checking in bags at the airport. Plaintiff's direct supervisor was Adrienne Joseph-Hawkins (Christian), Customer Service Manager. At that time, Plaintiff was the only Customer Service Assistant at the ticket counter who wore a hijab, physically displaying her Islamic faith.

19. From August 1, 2016 through May 2019, Plaintiff was unable to exercise her religious faith without consequence. Due to Plaintiff's religious beliefs, she must observe daily fasts from sunrise to sunset during the Holy Month of Ramadan, and she must pray five times a day during prescribed time frames.

20. In 2019, the Holy Month of Ramadan occurred from May 6 through June 3. As such, Plaintiff fasted daily in accordance with her religious beliefs.

21. Prior to the beginning of Ramadan, Plaintiff explained the requirements of her religious beliefs to Ms. Joseph-Hawkins and asked whether she could switch her lunch break from 5:30pm to 8:15pm in order to break her fast at sunset. Ms. Joseph-Hawkins denied Plaintiff's request stating, "You need to take lunch and eat now." Soon thereafter, Plaintiff spoke with her Supervisor, Sultana [Last Name Unknown], Customer Service Coordinator, and requested to switch her lunch break from 5:30pm to 8:15pm during Ramadan. Plaintiff's request was

---

notice of the plaintiff's claims, there was no resulting prejudice, and the plaintiff acted with diligence).

approved.

22. Later that evening, Ms. Joseph-Hawkins called Plaintiff into her office and stated, "Whatever I say goes here", and that no one could override her instructions. Ms. Joseph-Hawkins also stated, "If I say take lunch at 5:30 pm, you need to take it at 5:30 pm." In response, Plaintiff again attempted to explain the requirements of her religion to Ms. Joseph-Hawkins, but Ms. Joseph-Hawkins responded that she did not care whether Plaintiff could or could not eat at 5:30pm.

23. On May 18, 2018, Plaintiff e-mailed Mr. Robertson, copying all Customer Service Manager's and Managers on Duty, to report Ms. Joseph-Hawkins' discriminatory treatment in denying her request for a religious accommodation in order to fast during the Holy Month of Ramadan. The Manager on Duty, Kwame Atuanor replied to Plaintiff requesting that she visit his office to discuss what occurred.

24. On May 19, 2019, in response to Plaintiff's complaint, American's management sent out a company-wide email reprimanding such behavior, and disciplined Ms. Joseph-Hawkins by requiring her to complete bias training.

25. In April 2019, Plaintiff applied and was selected to compete for a promotion to Ticket Agent.

26. On May 21, 2019, Plaintiff began training for the Ticket Agent position at DCA.

27. On May 27, 2019, Plaintiff travelled to Dallas, TX to participate in additional training for the Ticket Agent position. This training required Plaintiff to complete and pass six open-book exams; five of which Plaintiff took while in Dallas, TX. Plaintiff received scores of 100%, 97%, 95%, 90%, and 66% respectively, on each exam.

28. Plaintiff later learned that her fifth exam, graded by Crystal Gray, Trainer, a close friend of Ms. Joseph-Hawkins, was tampered with. Several of Plaintiff's answers appeared to have been erased, other answers were marked differently than what Plaintiff originally selected, some answers were graded incorrectly, and some answers were not entered into the system at all. Plaintiff believes that this was done to prevent her from receiving a passing grade in retaliation for her complaint of discrimination against Ms. Joseph-Hawkins.

29. Plaintiff was also prevented from taking a photo of the exam to have evidence of the changes that were made to her exam, even though she was allowed to take photos of her previous exams.

30. On June 20, 2019, Plaintiff reported her concerns of retaliation to Mr. Robertson, Mr. Turpin, Ms. Sydney, and American's Ethics Hotline. She believes that Mr. Turpin knew that Plaintiff's exam was tampered with but failed to fire Ms. Joseph-Hawkins or reprimand Ms. Grey.

31. On July 23, 2019, Plaintiff was given the opportunity to retake the fifth exam. When Plaintiff arrived to take the test, she was provided with a computer that was not one normally used by American, nor did the computer contain two of the necessary programs required to properly take the exam. These two programs were properly loaded onto the computers of other examinees who took the exam prior to Plaintiff. When Plaintiff informed Mr. Turpin of the issue and asked to use a different computer, Mr. Turpin refused her request and responded that she had to take the exam on the computer provided. As this was Plaintiff's only opportunity to retake the exam, she was forced to sit for the exam without the necessary materials, and as a consequence, was unable to complete both parts of the exam. As a result, Plaintiff failed the exam was denied the promotion, and she remained in the position of Customer Service Assistant.

32. The computer and programs provided to Plaintiff to retake the fifth exam were not

equivalent to what was provided in Dallas, and Plaintiff was forced to proceed with the exam with a computer that was not properly equipped with the appropriate programs in order to finish and successfully pass the exam.

33. Plaintiff has suffered from emotional distress, damage to her professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, without Plaintiff contributing in any way thereto.

34. Upon information and belief, similarly situated employees of a different protected class are not subjected to the same foregoing unlawful discriminatory treatment.

## CAUSES OF ACTION

### COUNT ONE
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.
### (Employment Discrimination on the Basis of Religion)

35. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

36. Plaintiff is Muslim, and as such, is a member of a protected class.

37. As an employee of Defendants, Plaintiff was treated differently and subjected to different terms and conditions of employment in comparison to non-Muslim employees that Defendants employed.

38. Defendants have subjected Plaintiff to adverse employment actions, including denying Plaintiff the opportunity to freely practice her religion, and otherwise deprived Plaintiff of her rights as enjoyed by her non-Muslim coworkers.

39. Defendants unlawful conduct negatively impacted the terms, conditions and privileges of

Plaintiff's employment because it resulted in loss of comfort, promotional opportunities and other disadvantages in the workplace.

40. The reason(s) proffered for Defendant's unlawful conduct are not legitimate and would be pretext for its discriminatory conduct.

41. Defendants knew that Plaintiff was a practicing Muslim prior to subjecting her to the adverse actions described throughout this Complaint.

42. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her Religion (Muslim).

43. Defendants have limited, segregated and classified Plaintiff in a way that deprives her of employment opportunities and otherwise adversely affects her status as an employee because of her religion (Muslim).

44. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in their terms and conditions of employment.

45. Defendants conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her Religion (Islam).

46. As a direct and proximate cause of the Defendants conduct alleged in this Complaint, Plaintiff suffered from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

**COUNT TWO**
*Title VII § 704(a) and 42 U.S.C. § 12203*
**(Employment Discrimination on the Basis of Engaging in Protected Activity)**

47. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

48. In May 2019, Ms. Joseph-Hawkins refused to allow Plaintiff to switch her lunch break from 5:30pm to 8:15pm in order to observe the fasting rituals associated with the Holy Month of Ramadan.

49. On May 18, 2019, Plaintiff filed a complaint with American against Ms. Joseph-Hawkins' because of her discriminatory treatment in denying Plaintiff's request for a religious accommodation in order to participate in fasting during the Holy Month of Ramadan.

50. On May 19, 2019, in response to Plaintiff's complaint, American's management sent out a company-wide email reprimanding such behavior, and disciplined Ms. Joseph-Hawkins by requiring her to complete bias training.

51. On May 21, 2019, Plaintiff began training for the Ticket Agent position at DCA.

52. On May 27, 2019, Plaintiff travelled to Dallas, TX to participate in additional training for the Ticket Agent position. This training required Plaintiff to complete and pass six open-book exams; five of which Plaintiff took while in Dallas, TX. Plaintiff received scores of 100%, 97%, 95%, 90%, and 66% respectively, on each exam.

53. Plaintiff later learned that her fifth exam graded by Crystal Gray, Trainer, a close friend of Ms. Joseph-Hawkins, was tampered with. Several of Plaintiff's answers appeared to be erased, other answers were marked differently than what Plaintiff originally selected, some answers were graded incorrectly, and some answers were not entered into the system at all. Plaintiff believes that this was done to prevent her from receiving a passing grade in retaliation for her complaint of discrimination against Ms. Joseph-Hawkins.

54. Plaintiff was also prevented from taking a photo of the exam to have evidence of the changes that were made to her exam, even though she was allowed to take photos of her previous exams.

55. On June 20, 2019, Plaintiff reported her concerns of retaliation to Mr. Robertson, Mr. Turpin, Ms. Sydney, and American's Ethics Hotline. She believes that Mr. Turpin knew that Plaintiff's exam was tampered with but failed to fire Ms. Joseph-Hawkins or reprimand Ms. Grey.

56. On July 23, 2019, Plaintiff was given the opportunity to retake the fifth exam. When Plaintiff arrived to retake the test, she was provided with a computer that was not one normally used by American, nor did the computer contain two of the necessary programs required to properly take the exam. These two programs were properly loaded onto the computers of other examinees who took the exam prior to Plaintiff. When Plaintiff informed Mr. Turpin of the issue and asked to use a different computer, Mr. Turpin refused her request and responded that she had to take the exam on the computer provided. As this was Plaintiff's only opportunity to retake the exam, she was forced to sit for the exam without the necessary materials, and as a consequence, was unable to complete both parts of the exam. As a result, Plaintiff failed the exam was denied the promotion and she remained in the position of Customer Service Assistant.

57. The computer and programs provided to Plaintiff to retake the fifth exam were not equivalent to what was initially provided to her during her first attempt in Dallas, and Plaintiff was forced to proceed with the exam with a computer that was not properly equipped with the appropriate programs that would enable Plaintiff to successfully take and pass the exam.

58. In retaliation for Plaintiff's complaint against Ms. Joseph-Hawkins, Defendant subjected her to adverse employment actions, including tampering with the results of her first attempt at the fifth exam, which significantly dropped her score in comparison to her scores on the first four

exams, and intentionally preventing Plaintiff from completing the fifth exam on her second attempt by failing to provide Plaintiff with a computer that was properly equipped with the appropriate programs that would have enabled her to successfully complete the fifth exam, and otherwise deprived Plaintiff of the same rights enjoyed by similarly situated employees who had not participated in EEO protected activity.

59. Defendants unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of income, promotional opportunities and other disadvantages in the workplace.

60. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to engaging in protected activity.

61. Defendants have limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities because of her engaging in protected activity.

62. Defendants conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her engaging in protected activity.

63. Plaintiff has incurred lost wages, loss of career opportunities now, and all of the other losses stated without Plaintiff contributing in any way thereto.

    **WHEREFORE**, Plaintiff respectfully prays that this Honorable Court;

        a. Award compensatory damages permitted by statute;

        b. Award lost wages;

        c. Award reasonable attorney fees, costs, and expenses incurred for this action;

        d. Supervisory training for the supervisors at issue herein;

        e. Award equitable, declaratory, and injunctive relief; and

        f. Award such other and further relief as this Honorable Court deems just and

proper.

## EQUITABLE RELIEF

64. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

65. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendants and could result in further illegal actions on the part of Defendants, by and through their respective agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Order Defendant to institute a policy and procedure to be implemented against discrimination;

b. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c. Supervisory training for the supervisors at issue herein; and

d. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

66. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*A. Marques Pitre, Esq.*
_____
A. Marques Pitre, Esq.
PITRE & ASSOCIATES, LLC
Ronald Reagan Building &
International Trade Center
1300 Pennsylvania Avenue, NW

12

              Suite 700
              Washington, DC 20004
              Main Tel. 202-204-3006
              Direct Tel. 309-287-1914
              Fax. 202-789-7349
              Email: <u>ampitre@ampitreassociates.com</u>

*Counsel for Plaintiff*